**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

**Case #**

**MAYRA DELGADO**
**on behalf of himself or herself and**
**all other similarly situated consumers**

        **Plaintiffs,**

**-against-**


**MICHAEL R. KOENIG**

        **Defendant.**

_____


<u>**CLASS ACTION COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>


1. Plaintiff  MAYRA DELGADO seeks redress for the illegal practices of MICHAEL R. KOENIG, an attorney debt collector, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").


# <u>Parties</u>


2. Plaintiff is a citizen of the State of New York who resides within this District.


3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in New Rochelle, NY.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens, while promoting a competitive marketplace. 15 U.S.C. § 1692(e).The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).  In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.

12.  Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13.   "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'"  FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'"  FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.   The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

15.   "Congress also intended the FDCPA to be self-enforcing by private attorney generals."  Weiss v. Regal  Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she

received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson

as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely

themselves to bring suit under the Act, but who are  assumed by the Act to benefit from the

deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc.,

516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055

(9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd."

Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).


16.  Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict

liability statute to the extent it imposes liability without proof of an intentional violation," Allen

ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7,

supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).


17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a

debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt and, without limiting the generality of the prohibited

conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that

section. 15 U.S.C. § 1692e(1)-(16).

## Jurisdiction and Venue

18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

### Violations Of The Fair Debt Collection Practices Act
### Allegations Particular to Plaintiff

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from each of the Plaintiffs.

24. On or about February 21, 2018, Defendant served the Plaintiff's employer with an income execution, attached as *Exhibit A*.

25. On or about February 21, 2018, Defendant served the Plaintiff's employer with an income execution, attached as *Exhibit A*, seeking to collect a balance allegedly incurred for personal purposes.

### First Count
### Violation of 15 U.S.C. § 1692e, 1692e(5)

26. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16). That list includes:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a
violation of this section:

(5) The threat to take any action that cannot legally be
taken or that is not intended to be taken.

27. On December 3, 2017, the Bankruptcy Court, Eastern District of New York, served

the Rockaway One Company, LLC with a notice *Exhibit "B"* that the Plaintiffs had filed for

relief pursuant to Chapter 7 of the Bankruptcy Code, and that therefore, pursuant to 11 U.S. Code

§ 727, the debt that the Defendant had been attempting to collect on, had been discharged in

bankruptcy, and that there existed an injunction, prohibiting Rockaway One Company, LLC

from engaging in any collection activity against the Plaintiffs.

28. Despite the debt having been discharged, and Rockaway One Company, LLC having

been served by the bankruptcy court with actual notice of the discharge of the debt,  the

defendant, on or about or about February 21, 2018,  served the Plaintiff's employer with an

income execution, attached as *Exhibit A*, seeking to collect a balance allegedly incurred for

personal purposes. Although the defendants liability under the FDCPA is one of strict liability,

Upon information and belief, the defendant shares an office with Rockaway One Company,

LLC, and received actual \notice of the bankruptcy discharge, and should therefore be subjected

to punitive damages.

29. The actions of the defendant in continuing to take actions to collect a debt for which

they were not legally entitled to do so, is a violation of  15 U.S.C. § 1692e, 1692e(5).

30. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Upon information and belief, the actions of the defendant harmed the plaintiff's standing with her employer, and caused her to suffer embarrassment at her place of employment, and further negatively affected her credit rating and her ability to obtain credit. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.

31. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

32. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

33. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

34. This cause of action is brought on behalf of Plaintiff and the members of a class.

35. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt Collection

Practices Act.

Dated:  Nassau, New York
        March 4, 2018

                                                /s/ Jacob Silver

                                                _____

                                                Jacob Silver
                                                Attorney At Law
                                                237 Club Dr.
                                                Woodmere, NY 11598
                                                (718) 855-3835
                                                (718) 534-0057 – Fax
                                                silverbankruptcy@gmail.com